# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DUSTIN J. CARROLL,

        Petitioner,  :  Case No. 2:22-cv-2155

  - vs -  District Judge Michael H. Watson
                                       Magistrate Judge Michael R. Merz

CYNTHIA MUSSER,
  Chief, Ohio Adult Parole Authority,
                                        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Dustin Carroll under 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 7), the Return of Writ (ECF No. 8), and the Traverse (ECF No. 10). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 11).

Respondent advisees that since the filing of the Petition in this case, Petitioner has been shifted to the custody of the Ohio Adult Parole Authority. Petitioner does not object to a change of respondents. Accordingly, Chief Musser is substituted for the Warden of Noble Correctional as Respondent and the caption is amended as set forth above.

**Litigation History**

On June 22, 2020, the Coshocton County Grand Jury indicted Petitioner on one count of conspiracy in violation of Ohio Revised Code § 2923.01(A)(1), 2923.01(J)(2), specifying that Carroll had planned or aided Tiffany Kay Arden and Amber Lee Allnut in committing the offense of illegal conveyance of drugs into a detention facility on or about November 10, 2019. (Indictment, Case No. 20-cr-072, State Court Record, ECF No. 7, Ex. 1).

Although he was appointed counsel, Carroll filed a *pro se* motion to dismiss the indictment as well as a motion to disqualify counsel. *Id.* at Exs. 3 and 4. On February 1, 2021, the court granted the motion and dismissed the indictment, without prejudice, finding that:

> In so ruling, the Court finds that the crime charged within the body of the indictment is not a listed offense under the conspiracy statute, and subsection (M) of R.C. 2923.01 does not include a violation of R.C. 2921.36, within the definition of "Felony drug trafficking, manufacturing, processing, or possession offense".
>
> Therefore, a person cannot be charged with conspiracy to commit a violation of R.C. 2921.36, as such an offense does not exist in the State of Ohio.

(Judgment Entry, State Court Record, ECF No. 7, Ex. 10).

On the same day, the grand jury re-indicted Carroll, charging that, on or about November 10, 2019, he was guilty of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility in violation of Ohio Revised Code § 2921.36(A)(2), 2921.36(G)(2)(Indictment, Case No. 21-cr-014, State Court Record, ECF No. 7 at Ex. 11). Carroll then filed a motion to dismiss the new indictment on double jeopardy grounds which the trial court denied. *Id.* at Exs. 12, 13.

At the time set for final pretrial conference, the court denied a renewed motion to dismiss and a motion to stay pending appeal. Carroll then pleaded guilty pursuant to an agreement that both parties would recommend a twelve-month sentence, which the trial judge then imposed.

Carroll appealed *pro se* to the Fifth District Court of Appeals, raising two assignments of error:

> 1. The trial court committed violence to the Double Jeopardy Clause of the Fifth Amendment when it refused to impose the bar to further prosecution attached to the grant of a Crim.R. 12(C)(2) motion to dismiss.
>
> 2. The trial court erred to the prejudice of thee [sic] Appellant when it tolled the statute of limitations prescribed by a specific statute with the provisions of a general one, thereby usurping the jurisdiction to accept a plea.

(Appellant's Merit Brief, State Court Record, ECF No. 7, Ex. 25).

The Fifth District overruled both assignments of error. *State v. Carroll*, 2021-Ohio-3937 (Ohio App. 5th Dist. Nov. 3, 2021). Carroll then moved to certify a conflict with decisions of the Second, Fourth, and Seventh Districts Courts of Appeal (Motion, State Court Record, ECF No. 7 Exhibit 30). The Fifth District denied both this and a motion for reconsideration. *Id.* at Exs. 32 and 33. Carroll then appealed to the Supreme Court of Ohio which declined to exercise jurisdiction. *State v. Carroll,* 166 Ohio St. 3d 1415 (2022). Carroll's petition for a state writ of habeas corpus was also unsuccessful. (Journal Entry, State Court Record, ECF No. 7, Ex. 40). Carroll apparently did not appeal, but filed his Habeas Corpus Petition in this Court (ECF No. 1); pleading two grounds for relief:

> **Ground One**: Legal jeopardy, as defined by Supreme Court, attached when Petition[er] received an acquittal on first prosecution with thee [sic] prosecutor's consent.
>
> **Ground Two**: Petitioner suffers *a fortiori* to his protection against answering an overly stale indictment.

(Petition, ECF No. 1, PageID 3-6).

# Analysis

**Ground One:  Double Jeopardy**

In his First Ground for Relief, Carroll claims his conviction violates the Double Jeopardy Clause of the Constitution.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

Carroll's Petition recites that he was indicted

> "[o]n June 22, 2020, . . .in Cochocton Case No. 20CR72, for conspiracy to convey.  The case ended with dismissal for failure to charge an offense and with thee [sic] prosecutor's consent, prior to a jury empaneling.  On February 1, 2021, I was reindicted, in Coshocton Case No. 21CR14, for same facts and evidence as 20 CR 72."

(Petition, ECF No. 1, PageID 1).  Thus Carroll's claim is that he was prosecuted a second time for the same offense after being acquitted, the first prong of the protection listed in *Brown, supra*.

Respondent defends against Ground One on the merits, asserting that jeopardy did not attach in the first case (20-cr-072)(Return, ECF No. 8, PageID 344-47).  Respondent raised no affirmative defenses to Ground One in the Return, thereby effectively conceding Carroll has

4

exhausted available state court remedies and has not procedurally defaulted that ground for relief.

Recognizing the applicability of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), Carroll argues the appeals court's decision in this case is contrary to clearly established federal law as enunciated in *United States v. Oppenheimer*, 242 U. S. 85 (1916), and *Gavieres v. United States,* 220 U. S. 338 (1911), as opposed to the pretrial circumstances adjudicated in *Serfass v. United States*, 420 U. S. 377 (1975)(Traverse, ECF No. 10, PageID 358).

Under the AEDPA, when a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Although several Ohio courts ruled on Carroll's double jeopardy claim, it is the last reasoned decision which is reviewed in habeas, as Carroll recognizes. *Ylst v. Nunnemaker*, 501 U.S. 797 (1991).

The Fifth District decided the double jeopardy claims as follows:

> [*P6] A defendant's rights under the Double Jeopardy Clause of the Fifth Amendment are not waived by a plea of guilty. *Village of Montpelier v. Greeno,* 25 Ohio St.3d 170, 172, 25 Ohio B. 212, 495 N.E.2d 581, 582 (1986), citing *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). However, termination of a proceeding before jeopardy has attached, even if harmful to the defendant in some way, does not entitle him to relief under the double jeopardy clause *State v. Larabee,* 69 Ohio St.3d 357, 358, 1994- Ohio 318, 632 N.E.2d 511, 513 (1994). Without risk of determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy. *Id.,* citing *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). The *Serfass* court held jeopardy did not attach when a trial court granted a pretrial motion to dismiss an indictment

> after receiving evidence, stipulations, and arguments relative to the motion. *Id*.
>
> [*P7] In the instant case, Appellant attached the trial court's entry filed February 1, 2021, dismissing the indictment in case number 2020CR0072 to his motion to dismiss. This entry states:
>
>> This matter came before the Court on January 22, 2021, for oral argument upon the Defendant's "Motion to Dismiss." The Defendant was present through remote video conferencing from the Ohio Department of Rehabilitation and Conviction. The Defendant's Counsel, Jeffrey Kellogg was present in Court, with Prosecuting Attorney Jason Given.
>>
>> Whereupon, after hearing the arguments of Counsel, the Court finds the motion to be well taken, and the indictment in this case is hereby DISMISSED, without prejudice. In so ruling, the Court finds that the crime charged within the body of the indictment is not a listed offense under the conspiracy statute, and subsection (M) of R.C. 2923.01 does not include a violation of R.C. 2921.36, within the definition of "Felony drug trafficking, manufacturing, processing, or possession offense."
>>
>> Therefore, a person cannot be charged with conspiracy to commit a violation of R.C. 2921.36, as such an offense does not exist in the State of Ohio.
>
> [*P8] We find it is apparent from the face of this entry the prior indictment was dismissed without prejudice before jeopardy had attached. The trial court therefore did not err in overruling Appellant's motion to dismiss the instant indictment on double jeopardy grounds.

*State v. Carroll, supra.*

Carroll asserts the decision is contrary to *Oppenheimer, supra,* because it "conveniently overlooked the operative fact that the state trial court found that the prosecutor did not object to the granting of the motion. This is the equivalent of consent . . . ."

Petitioner has asserted throughout these proceedings that the prosecutor consented to

6

dismissal, yet he has provided no record reference to prove that point. Judge Batchelor's Entry does not recite any such consent to the Motion to Dismiss and he did not grant the relief Carroll requested: dismissal with prejudice. Instead the Entry very clearly dismisses the indictment in 20CR072 without prejudice for failure to charge an offense under Ohio law.

Whether or not the prosecutor consented to dismissal in some un-cited place in the record is not material in any event. Consent to a dismissal without prejudice is not equivalent to an acquittal for Double Jeopardy purposes and so the Fifth District's decision is not contrary to *Oppenheimer*.

The unanimous opinion in *Oppenheimer* was written by Oliver Wendell Holmes, Jr., the greatest Supreme Court Justice of the twentieth century. But applying Holmes's words to this case is difficult because legal procedure and the words in which it is described have changed so much since 1916. Thus Holmes speaks of the possible preclusive effects of a prior judgment:

> This defense [of previous adjudication] was presented in four forms entitled respectively, demurrer, motion to quash, plea in abatement, and plea in bar. After motion by the government that the defendant be required to elect which of the four he would stand upon, he withdrew the last-mentioned two, and subsequently the court granted what was styled the motion to quash, ordered the indictment quashed, and discharged the defendant without day. The government brings this writ of error, treating the so-called motion to quash as a plea in bar, which in substance it was. *United States v. Barber,* 219 U. S. 72, 78, 55 L. ed. 99, 101, 31 Sup. Ct. Rep. 209.

*Oppenheimer,* 242 U.S. at 86. None of these modes of proceeding is available at law today; law students are not taught the meaning of "demurrer" or "plea in abatement." However, the same preclusive effect under the Double Jeopardy Clause could be obtained today with a motion to dismiss on the ground that the charge was barred by the statute of limitations **if that defense was either actually litigated** or agreed to by the prosecutor. That is the meaning of a "plea in bar." The bar of the statute of limitations had been adjudicated in the prior case and that adjudication

7

was binding.

That is not what happened here. Carroll moved to dismiss the indictment in 20-cr-072 because it did not charge an offense because conveyance of drugs into a correctional facility was not listed as an overt act in the relevant statute. Carroll claimed this deprived the Common Pleas Court of subject matter jurisdiction and asked for dismissal with prejudice (Motion, State Court Record, ECF No. 7, Ex. 4, PageID 28-29). But that is not what happened. The indictment was dismissed without prejudice.

There was no ruling on the lack of subject matter jurisdiction defense. Carroll relied at various points in the Common Pleas Court on *State v. Cimpritz,* 185 Ohio St. 490, 491 (1953), ¶6 of the syllabus. In that case the Supreme Court of Ohio held that a judgment of conviction based on an indictment which does not charge an offense is, under Ohio law, void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceedings. However, in *Midling v. Perrini*, 14 Ohio St. 2d 106 (1968), the Ohio Supreme Court held that failure to object that an indictment does not state an offense must be raised in the trial court and cannot be raised for the first time on appeal because it does not deprive the trial court of subject matter jurisdiction. See also *State v. Cochran*, 1995 Ohio App. LEXIS 5809 (Ohio App. 2nd Dist. Dec. 29, 1995); *State v. Burkitt,* 84 Ohio App. 3d 214 (Ohio App. 2nd Dist. 1993). Under *Cimpritz* the Common Pleas Court did not have subject matter jurisdiction to enter judgment in 20CR072 because the indictment did not charge an offense under Ohio law. The trial court did not make that finding explicitly, but even if it had, that finding would not have had preclusive effect in the second case: a finding that one indictment relating to a transaction does not charge an offense does not determine that a second indictment relating to the same transaction does not charge an offense. The Fifth District's decision in this case is not

8

contrary to nor is it an objectively unreasonable application of *Oppenheimer*.

In *Serfass, supra*, the Supreme Court clarified the meaning of "acquittal" in Double Jeopardy jurisprudence:

> b) The concept of 'attachment of jeopardy' defines a point in criminal proceedings at which the purposes and policies of the Double Jeopardy Clause are implicated. Jeopardy does not attach until a defendant is put to trial, which in a jury trial occurs when the jury is empaneled and sworn and in a nonjury trial when the court begins to hear evidence. Pp. 1062—1063.
>
> (c) Jeopardy had not attached in this case when the District Court dismissed the indictment, because petitioner had not then been put to trial. There had been no waiver of a jury trial; the court had no power to determine petitioner's guilt or innocence; and petitioner's motion was premised on the belief that its consideration before trial would serve the 'expeditious administration of justice.' P. 1063.

(Syllabus, 420 U.S. at 478). That describes the situation in this case: the indictment was dismissed before the case was tried. No evidence was ever presented and therefore jeopardy did not attach.

*Gavieres* is not to the contrary. In that case the plaintiff in error sought protection from a second punishment for the same offense under a statute that effectively extended the Double Jeopardy Clause to the Phillipines. Although the same transaction was involved, the Supreme Court held the second trial involved a second different offense. The Supreme Court's opinion effectively applied to the statute in 1911 the test later adopted for whether two offenses constitute the same offense for Double Jeopardy purposes: "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Petitioner has not shown that the Fifth District's decision is contrary to or an objectively unreasonable application of Supreme Court precedent. His first Ground for Relief should therefore be dismissed.

9

**Ground Two: Denial of Speedy Trial**

In his Second Ground for Relief, Carroll appears[1] to be claiming he was denied his right to a speedy trial. The Fifth District denied this claim, holding Carroll had waived it by pleading guilty. *Carroll, supra*, at ¶ 13. Respondent relies on that waiver, and Carroll admits he has never challenged the binding nature of his guilty plea (Traverse, ECF No. 10, PageID 358). However, he argues, a guilty plea only waives non-jurisdictional issues and Ohio Revised Code § 2941.401 is jurisdictional under Ohio law (Traverse, ECF No. 10, PageID citing *State v. Bellman*, 86 Ohio St. 3d 208, 210 (1999)).

Justice Cook's opinion in *Bellman* that Ohio Revised Code § 2941.401 is jurisdictional is *dictum*. That is to say, the case did not present the question whether the statute is jurisdictional, whether it created a liberty interest under the Fourteenth Amendment, and whether it could be waived by a plea of guilty. Indeed, Carroll never cited *Bellman* in his direct appeal brief.

The Magistrate Judge concludes that Carroll's claim that Ohio Revised Code § 2941.401 creates a constitutionally-protected liberty interest is procedurally defaulted. That is to say, as Respondent argues, Carroll's speedy trial claim was presented to the Ohio courts solely as a claim under Ohio law and not as a federal constitutional claim. Of course when it is considered solely as an Ohio law claim, the interpretation of the Fifth District is binding on us. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

---

[1] The Magistrate Judge does not understand the use of the term "a fortiori" in this claim.

10

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley,* 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020),

11

citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

As Respondent points out, Carroll's speedy trial claim was presented to the Ohio courts purely as a question of statutory construction of Ohio statutes and therefore as a question of state law. Carroll has presented no argument that this default is somehow excused by cause and prejudice. Therefore his Second Ground for Relief should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 17, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge
